Affirmed and Memorandum Opinion filed May 16, 2006









Affirmed and Memorandum Opinion filed May 16, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00491-CR

_______________

 

AUBREY DALE FONTENOT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                           
                                                                    

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1020840

  

                                                                                     
                                                        

M E M O R A N D U M  
O P I N I O N

 

Aubrey
Dale Fontenot appeals a conviction for robbery[1]
on the grounds that the trial court erroneously denied appellant=s: (1) motion for instructed verdict;
and (2) right to confront and cross-examine the complainant.  We affirm.

 








Appellant=s first issue challenges the denial
of his motion for instructed verdict because there was no evidence that the
complainant, Ivan Neri, was threatened and placed in fear of imminent bodily
injury or death.

An
appeal of the denial of a motion for instructed verdict is a challenge to the
legal sufficiency of the evidence to support appellant's conviction.  Canales v. State, 98 S.W.3d 690, 693
(Tex. Crim. App. 2003).  This requires
the Court to view all of the evidence in the light most favorable to the
verdict and then determine whether any rational trier of fact could have found
that the complainant was threatened or placed in fear of imminent bodily injury
or death beyond a reasonable doubt.  See
id. 

In
this case, Socorro Ramirez testified that appellant entered the restaurant
where the complainant was employed, pointed his towel-covered hand at her and
Neri, and demanded that they open the cash register.  Appellant then took $150 from the cash
register.  Ramirez thought appellant
would shoot her; she felt threatened by appellant and testified that Neri was
just as scared as she was.  Viewed in the
light most favorable to the verdict, the jury could have found that, by
pointing his towel-covered hand at Neri and Socorro and demanding money from
the cash register, appellant threatened and placed Neri in fear of imminent
bodily injury or death by conveying an impression that he held a weapon inside
the towel and would harm them if they did not comply with his demand.  Thus, the trial court did not err in denying
appellant=s motion for instructed verdict, and
appellant=s first issue is overruled.

Appellant=s second issue contends that his
Sixth Amendment right to confrontation and cross-examination was violated by
the complainant=s absence at the guilt/innocence phase of the trial.








A
defendant waives any complaint on appeal concerning his constitutional right to
cross‑examine and confront witnesses if he does not lodge a proper and
timely objection on that ground at trial. 
See Tex. R. App. P.
33.1(a); Jimenez v. State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000); Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).  Because appellant failed to object at trial
that his right to confrontation and cross-examination was violated, he failed
to preserve any such complaint for our review. 
Therefore, appellant=s second issue is overruled, and the judgment of the trial
court is affirmed.

 

 

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 16, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           A jury
found appellant guilty and assessed punishment at 60 years confinement and a
$10,000 fine.